UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUDY WEST, *et al.*,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>FORD MOTOR COMPANY, *et al.*,<br><br>　　　　Defendants, | Case No. 1:25-cv-01266-KES-CDB<br><br>ORDER REQUIRING COUNSEL FOR PLAINTIFFS TO SHOW CAUSE IN WRITING WHY SANCTIONS SHOULD NOT BE IMPOSED FOR FAILURE TO TIMELY APPEAR AT SCHEDULING CONFERENCE<br><br>(Doc. 2)<br><br>**January 12, 2026, Deadline** |

**Background**

Plaintiffs Judy West and Paula West-Moore ("Plaintiffs") initiated this action with the filing of a complaint on September 11, 2023, in the County of Kern Superior Court, Case No. BCV-23-103052, against Defendants Ford Motor Company ("Ford") and Jim Burke Ford (collectively, "Defendants"), before Defendant Ford removed the case to this Court on September 23, 2025. (Doc. 1; Doc. 1-1 Exhibit A). On September 24, 2025, the Court entered an order setting the initial scheduling conference for January 8, 2026, at 9:00 AM. (Doc. 2). In the order, the parties were provided the email address for the undersigned's courtroom deputy for the parties to request and obtain Zoom teleconference connection details. *Id.* at 2. Further, the courtroom deputy forwarded the Zoom connection details via email to counsel for the parties in advance of the scheduling conference.

1

On January 8, 2026, the Court convened via Zoom videoconference for the scheduling conference. Cait Crable appeared on behalf of Defendants. Plaintiffs did not timely appear either personally or through counsel. After the Court and Ms. Crable waited for five minutes from the start of the conference for Plaintiffs' appearance, Nina Sanaia joined the Zoom teleconference but was unprepared to enter an appearance when the case was called due to her experiencing audio/technical difficulties. After troubleshooting that issue, Ms. Sanaia, an un-noticed attorney, entered her appearance on behalf of Plaintiffs, and after the Court questioned why she is not a noticed attorney on the docket, Ms. Sanaia explained that she would file a notice of appearance shortly after the conference. When the Court asked Ms. Sanaia to explain the circumstances of her late appearance, she stated that she was covering for noticed counsel who were busy with trial in an unrelated matter, was only recently provided a link to access the conference, and provided no further details. The Court deemed these explanations unsatisfactory and the undersigned recessed the scheduling conference and notified counsel that a show cause order would follow.

Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate. *Bautista v. Los Angeles County*, 216 F.3d 837, 841 (9th Cir. 2000).

**Conclusion and Order**

In light of counsel for Plaintiffs' failure to timely appear at the mandatory scheduling conference on January 8, 2026, it is HEREBY ORDERED, counsel for Plaintiffs shall show cause in writing **no later than January 12, 2026**, why sanctions should not be imposed for Plaintiffs' failure to obey this Court's orders.

*Remainder of This Page Intentionally Left Blank*

2

And it is FURTHER ORDERED that counsel for Plaintiffs initiate meet and confer efforts with counsel for Defendant and identify in counsel's response to this show cause order at least two proposed dates of mutual availability to reconvene for scheduling conference no earlier than 14 days from the date of this order.

**Failure to comply with this order to show cause may result in the imposition of sanctions, up to and including a recommendation to dismiss the case.**

IT IS SO ORDERED.

Dated:   **January 8, 2026**

UNITED STATES MAGISTRATE JUDGE