UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUDY WEST, *et al.*, | Case No. 1:25-cv-01266-KES-CDB |
| Plaintiffs, | ORDER DISCHARGING JANUARY 8, 2026, ORDER TO SHOW CAUSE |
| v. | (Docs. 8, 9) |
| FORD MOTOR COMPANY, *et al.*, | ORDER SETTING SCHEDULING CONFERENCE ON JANUARY 29, 2026, AT 9:00 AM |
| Defendants, | |

### Relevant Background

Plaintiffs Judy West and Paula West-Moore ("Plaintiffs") initiated this action with the filing of a complaint on September 11, 2023, in the County of Kern Superior Court, Case No. BCV-23-103052, against Defendants Ford Motor Company ("Ford") and Jim Burke Ford (collectively, "Defendants"), before Defendant Ford removed the case to this Court on September 23, 2025. (Doc. 1; Doc. 1-1 Exhibit A). On September 24, 2025, the Court entered an order setting the initial scheduling conference for January 8, 2026, at 9:00 AM. (Doc. 2). In the order, the parties were provided the email address for the undersigned's courtroom deputy for the parties to request and obtain Zoom teleconference connection details. *Id.* at 2. Further, the courtroom deputy forwarded the Zoom connection details via email to counsel for the parties in advance of the scheduling conference.

On January 8, 2026, the Court convened via Zoom videoconference for the scheduling conference. Cait Crable appeared on behalf of Defendants. Plaintiffs did not timely appear either

1

personally or through counsel.  After the Court and Ms. Crable waited for five minutes from the start of the conference for Plaintiffs' appearance, Nina Sanaia joined the Zoom teleconference but was unprepared to enter an appearance when the case was called due to her experiencing audio/technical difficulties.  After troubleshooting that issue, Ms. Sanaia, an un-noticed attorney, entered her appearance on behalf of Plaintiffs, and after the Court questioned why she is not a noticed attorney on the docket, Ms. Sanaia explained that she would file a notice of appearance shortly after the conference.  When the Court asked Ms. Sanaia to explain the circumstances of her late appearance, she stated that she was covering for noticed counsel who were busy with trial in an unrelated matter, was only recently provided a link to access the conference, and provided no further details.  The Court deemed these explanations unsatisfactory and the undersigned recessed the scheduling conference and notified counsel that a show cause order would follow.

That same day, the Court ordered counsel for Plaintiffs to show cause ("OSC") in writing why sanctions should not be imposed for failure to timely appear at the scheduling conference and for failure to obey this Court's orders.  (Doc. 8).  Counsel for Plaintiffs were directed to initiate meet and confer efforts with counsel for Defendant and identify in its response to this OSC at least two proposed dates of mutual availability to reconvene for scheduling conference no earlier than 14 days from the date of the order.  *Id.* at 3.

### **Discharging OSC and Setting Scheduling Conference**

Pending before the Court is counsel for Plaintiffs' timely response to the OSC, filed on January 12, 2026.  (Doc. 9).  Counsel for Plaintiffs Elizabeth A. LaRocque declares that she sincerely apologizes to the Court for the untimely appearance of counsel at the initial scheduling conference as she made a mistake that caused her colleague, appearing counsel Nino Sanio, to be late in appearing at said conference. *Id.* at 2.  Counsel LaRocque declares that she failed to properly locate the Courtroom Deputy's December 30, 2025, email with the Zoom link to the conference, and did not follow up with Ms. Sanio with the link until the Courtroom Deputy resent her the link at 8:08 AM the morning of the conference and Ms. LaRocque thereafter forwarded the link to Ms. Sanio via email at 8:58 AM for the 9:00 AM conference. *Id.* at 3.  Counsel LaRocque declares she takes full responsibility for Plaintiffs' untimely appearance and ensures this issue will not happen

again. *Id.* Counsel LaRocque declares she reached out to counsel for Defendant who has indicated they are agreeable with proposed dates of January 22, 2026, or January 29, 2026, for the reset scheduling conference. *Id.* She requests the Court discharge the OSC without the imposition of sanctions. *Id.* at 4.

To determine whether neglect is excusable, a court must consider four factors: "(1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *In re Veritas Software Corp. Sec. Litig.*, 496 F.3d 962, 973 (9th Cir. 2007).

Having considered these factors, the Court finds counsel for Plaintiffs' explanation for Plaintiffs' failure to timely appear at the scheduling conference the result of excusable neglect and finds good cause to discharge the order to show cause without the imposition of sanctions. Additionally, based on the parties' jointly proposed dates to reconvene for a scheduling conference, the Court will reset the scheduling conference for **January 29, 2026, at 9:00 AM**.

**Conclusion and Order**

Accordingly, IT IS HEREBY ORDERED:

1. The January 8, 2026, order to show cause (Doc. 8) is DISCHARGED; and

2. The parties are directed to appear for a Scheduling Conference on **January 29, 2026, at 9:00 AM** and to request from the undersigned's courtroom deputy clerk Zoom connection information at least 24 hours in advance of the conference. The parties may, but need not, file an updated Joint Scheduling Report one (1) full week prior to the Scheduling Conference that shall be e-mailed, in Word format, to cdborders@caed.uscourts.gov. *See* (Doc. 2 at 2).

IT IS SO ORDERED.

Dated:   **January 13, 2026**                          _____

UNITED STATES MAGISTRATE JUDGE